**RED STAR BARGE LINE, INC., as owner of THE SEABOARD NO. 60, Libelant-Appellee,**

v.

**LIZZA ASPHALT CONSTRUCTION CO., Inc., Respondent-Appellant, and New York Trap Rock Corporation, Respondent-Impleaded-Appellee.**

No. 127, Docket 25279.

United States Court of Appeals Second Circuit.

Argued Jan. 16, 1959.

Decided Feb. 26, 1959.

**468**

William Warner, New York City (Symmers, Fish, Warner & Nicol, New York City, on the brief), for appellant Lizza.

Edward J. Ryan, New York City (Foley & Martin, New York City), for appellee, Red Star Barge Line, Inc.

Henry C. Eidenbach, New York City (Hill, Rivkins, Middleton, Louis & Warburton, New York City, on the brief), for appellee, New York Trap Rock Corp.

Before MEDINA, LUMBARD and BURGER,* Circuit Judges.

BURGER, Circuit Judge.

This is an appeal from a judgment for libelant for damages to its Barge No. 60 sustained while tied up and under appellant's control. Four other barges were also moored to the same side of the pier, some following and others awaiting discharge of cargo. Appellant's employees moved Barge No. 60 out from the pier, while it was still fully loaded, to make room at the hopper for another barge to discharge cargo, putting two barges between No. 60 and the pier. As a result the corner of No. 60 farthest from the pier and nearest the shore grounded on a hard ridge. Although no damage was immediately apparent, appellant's employees were aware of the grounding. Subsequently, as the tide fell, No. 60's bargee heard the sound of cracking timbers as the barge settled and "hung" on the ridge. This caused the damage which is the subject of the appeal.

Appellant's primary theory for reversal is that there was no evidence tending to show knowledge (either actual or constructive), on its part, of the existence of a hard ridge shoal at the point where the grounding occurred. Absent such knowledge, appellant argues, it cannot be found negligent in its handling of the barge. The degree of care required in looking for possible hazards varies with the situation. In the circumstances of the present case, where appellant undertook to move the barge while it was in its exclusive control, its duty of ascertaining the existence of possible hazards was greater, for example, than that owed by a land occupier to invitees.

An old and often repeated phrase of maritime law tells us that, "the consignee of a vessel is 'bound to provide a safe berth,' which phrase has been explained to mean that a consignee must use reasonable care to ascertain the condition of a berth * * *". The Eastchester, 2 Cir., 1927, 20 F.2d 357, 358; see New York Trap Rock Corp. v.

* Sitting by designation pursuant to 28 U.S.C.A. § 291(a).

The Metropolitan No. 4, 2 Cir., 1942, 128 F.2d 831. It cannot be said that Judge Byers was "clearly erroneous" in holding appellant responsible and by implication finding that, by the exercise of reasonable care, appellant should have ascertained the existence of the hard ridge before moving the barge into the position which turned out not to be a "safe berth" but a dangerous one.

Additionally, we affirm Judge Byers' finding of fact that no contract existed between appellant and the impleaded appellee (the charterer of the barge) whereby the charterer agreed never to send more than three barges to appellant's pier at any one time.

Affirmed.